IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FORNEY,<br><br>                Petitioner,<br><br>   v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CIVIL ACTION<br>NO. 16-1502 |

**OPINION**

**Slomsky, J.**                                                                                                       April 24, 2018

## I.    INTRODUCTION

Before the Court are the Objections of Plaintiff Robert Forney to the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells. (Doc. No. 25.) On May 15, 2017, Plaintiff filed a Complaint against Defendant Commissioner of the Social Security Administration, alleging that Defendant wrongfully denied his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. (Doc. No. 18.)

On March 6, 2017, the Court referred the case to Magistrate Judge Wells for a Report and Recommendation ("R&R"). (Doc. No. 21.) On August 22, 2017, Magistrate Judge Wells issued the R&R and recommended that Plaintiff's request for review be denied. (Doc. No. 22.) On September 15, 2017, Plaintiff filed Objections to the R&R. (Doc. No. 25.) Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a <u>de</u> <u>novo</u> review of the portions of the R&R to which objections have been made. After an independent review of the Record, and for reasons

1

that follow, the Court finds that Plaintiff's Objections lack merit and will adopt and approve the disposition of the R&R in accordance with the reasoning provided in this Opinion.

## II. BACKGROUND

### A. Procedural History

On May 22, 2013, Plaintiff filed an application for DIB related to an alleged disability which he had since May 1, 2007. (Administrative Record ("R.") at 10.) On August 20, 2013, the application was denied. (Id.) On September 17, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Id.)

On March 23, 2015, ALJ Frank Barletta held a hearing. (Id.) Plaintiff, who was represented by counsel, testified at the hearing. (R. at 28-48.) He said that he suffered psychological impairments caused by major depression and anxiety (R. at 36-37) and physical impairments caused by carpal tunnel syndrome and arthritis (R. at 43). Christine A. Carrozza Slusarski, an independent vocational expert ("VE"), also testified. (R. at 49-55.) On May 1, 2015, the ALJ issued an opinion ("ALJ's Decision") finding that Plaintiff was not disabled under the terms of the Social Security Act from May 1, 2007, the alleged start of the disability, through the date of his decision. (R. at 21.)

On June 15, 2016, Plaintiff filed a Request for Review of Hearing Decision/Order seeking reconsideration of the ALJ's Decision. (R. at 5.) On February 5, 2016, the Appeals Council denied Plaintiff's request, making the ALJ's Decision the final decision of the Commissioner. (R. at 1-3.) On May 15, 2016, Plaintiff appealed that decision to this Court by filing the Complaint. (Doc. No. 3.) As already noted, on March 6, 2017, the Court referred the case to Magistrate Judge Carol Sandra Moore Wells for an R&R (Doc. No. 21), and on August 22, 2017, Magistrate Judge Wells issued the R&R recommending that Plaintiff's Request for

Review be denied. (Doc. No. 22.) On September 15, 2017, Plaintiff timely filed the Objections that are now before this Court for consideration.[1] (Doc. No. 25.)

B.  **Relevant Social Security Administration Regulations**

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant bears the burden of proving the existence of a disability and will satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If he does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, he is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

(i)  At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of

---

[1]  Pursuant to Local Rule of Civil Procedure 72.1.IV(b) and the Notice provided in the R&R, Plaintiff was required to file objections to the R&R within fourteen days, or no later than September 5, 2017. However, on August 28, 2017, Plaintiff filed an Uncontested Motion to Enlarge Time to File Objections to the Report and Recommendation. (Doc. No. 23.) On August 30, 2017, the Court granted Plaintiff's Motion and extended the filing deadline to September 19, 2017. (Doc. No. 24.)

> our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

Id. § 404.1520(a)(4)(i)-(v).

## III. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)); Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla," and consists of "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). The Court also must determine whether the ALJ applied the proper legal standards in evaluating a claim of disability. McHerrin v. Astrue, No. CIV. A. 09-2035, 2010 WL 3516433, at *2 (E.D. Pa. Aug. 31, 2010) (citing Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)).

## IV. THE ALJ'S DECISION

At the hearing held on March 23, 2015, the ALJ heard testimony from Plaintiff and VE Christine A. Carrozza Slusarski. (R. at 10.) In addition, the ALJ considered the medical opinions of treating psychiatrists Noa Glick, Psy.D.; Renata Angelini, M.D.; and Jing Fang, M.D.; as well as various other medical records and evaluations. (R. at 18-19.) After reviewing

4

the evidence in the Record and proceeding through the five-step evaluation process, the ALJ concluded that Plaintiff was not disabled. (R. at 21.)

First, at step one, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since the alleged onset date. (R. at 12.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: post-traumatic stress disorder, anxiety, bipolar-type schizoaffective disorder, degenerative disc disease with radiculopathy, left carpel tunnel syndrome, and peripheral neuropathy. (Id.) At step three, the ALJ reviewed the evidence and determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 13.)

At step four, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work that is limited to jobs with simple, routine tasks; that requires only simple work-related decisions; and that only occasionally interacts with co-workers, supervisors, and the public. (R. at 15.) The ALJ further determined that Plaintiff is unable to perform his past relevant work as a fast food worker because it required more than occasional contact with the public. (R. at 20.)

At step five, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform. (Id.) The ALJ considered the opinion of the VE, who testified that based upon Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could make a successful adjustment to other work that existed in substantial numbers in the national economy, including jobs as a sorter, housekeeping cleaner, or marker/tagger. (R. at 20-21.) Therefore, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 21.)

## V. DISCUSSION

On January 24, 2017, Plaintiff filed a Brief and Statement of Issues in Support of Request for Review ("Request for Review"). (Doc. No. 18.) In his Request for Review, Plaintiff raises two issues:

> (1) Did the ALJ err in evaluating the evidence, by incorrectly stating that the plaintiff did not report to his psychiatrist or therapists either problems caused by his mental health with the activities of raising his children or problems caused by his mental health with the activities of daily living?
>
> (2) Did the ALJ err in his evaluation of the opinions of the treating psychiatrist when (i) the ALJ, without further explanation, found the opinion "not consistent" with the mental health records and (ii) found that the opinion was not consistent with some of the activities of life that the plaintiff is able, with difficulty, to perform?

(Id. at 3.)

In sum, Plaintiff's Request for Review argued that two of the ALJ's findings were unsupported in the record, rendering the ALJ's Decision unsupported by substantial evidence. Specifically, Plaintiff contends that two findings of the ALJ were incorrect. He further asserts that these incorrect findings were essential to the ALJ's determination that Plaintiff was not disabled, and therefore the ALJ's Decision was wrongly decided.

On August 22, 2017, after considering the ALJ's Decision and the Administrative Record, Magistrate Judge Wells issued an R&R finding that there was substantial evidence to support the ALJ's denial of benefits. (Doc. No. 22 at 12.) Plaintiff has made three Objections to the R&R:

> (1) The Report does not address the ALJ's reliance, as part of his basis for finding that the plaintiff did not report problems with raising three children, as a single father, on evidence that was not in the record as identified by the ALJ.
>
> (2) The Report and Recommendation does not fully address plaintiff's argument with respect to ALJ's findings that the plaintiff did not report to his psychiatrist or therapists that his mental health problems created difficulties in carrying [sic] for his children or with the activities of daily living.

6

(3) The Report and Recommendation goes beyond the reasons provided by the Administrative Law Judge for rejecting the opinions of the treating phyciatrist [sic], Dr. Angelini, and violated the Chenery doctrine.

(Doc. No. 25 at 1, 5, 7.) The first two essentially are restatements of the two issues presented in his Request for Review. Nonetheless, all three Objections are entitled to de novo review by this Court. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). The Court will discuss each Objection seriatim.

### A. The ALJ's Determination that Plaintiff Had the Residual Functional Capacity to Perform Light Work Was Supported by Evidence in the Record

Plaintiff makes two related arguments in his first Objection. First, Plaintiff argues that the ALJ relied on evidence not in the Record in determining that Plaintiff had the residual functional capacity to perform light work. (Doc. No. 25 at 1-2.) Second, and in the alternative, Plaintiff argues that even if this evidence is in the Record, it did not support the ALJ's findings. (Id. at 3.) Both arguments are unavailing.

Plaintiff's argument that the ALJ relied on evidence not in the Record is incorrect. The evidence considered by the ALJ is in the Record, though not accurately cited. An independent review of the Record confirms that the ALJ mistakenly cited to Exhibit B-2F instead of Exhibit B-10F. This citation error is evidenced by the fact that immediately prior and subsequent citations to the Record refer to Exhibit B-10F,[2] specific page numbers referenced relate to the

---

[2] The portion of the ALJ's Decision Plaintiff contends is unsupported by the record states:

> The treatment notes generally reflect that the claimant is experiencing depression and anxiety as a result of being a single parent of three young children (see, e.g., Exhibit B-10F/5, 9, 12, 15, 112) and that he is struggling with financial issues (see, e.g., Exhibit B-10F/83, 85). Despite these difficulties, he was able to arrange child support from his ex-wife (Exhibit B-2F/59), resolve his "rent situation" (Exhibit B-2F/65, 68), and has never reported to his psychiatrist or therapist that his mental impairments are causing him to be unable to care for his three children or even that they limit his ability to complete his basic activities of

7

assertions made if applied to Exhibit B-10F,³ and Plaintiff's own admission.⁴ (Id. at 2-3.) Therefore, the Court is not persuaded by Plaintiff's argument that the evidence considered by the ALJ was not in the Record.

Plaintiff's second argument, that the ALJ relied upon evidence that did not support his findings, is also unavailing. Plaintiff contends that the ALJ's conclusions that Plaintiff was able to "resolve his rent situation" and "arrange child support from his ex-wife" are drawn from inaccurately cited portions of the Record and are unsupported by the Record. Although the Court agrees with Plaintiff that the ALJ's statement that Plaintiff was able to "arrange child support from his ex-wife" was unsupported by the portion of the Record to which the ALJ cited, there remains substantial evidence in other parts of the Record to support the determination of the ALJ's Decision. (See, e.g., R. at 200-07, 406, 409.)

The ALJ's statement that Plaintiff was able to "resolve his rent situation" is supported by the Record. On August 18, 2014, Plaintiff reported to his therapist that he had "negotiated rent payments." (R. at 409.) It was reasonable for the ALJ to infer from this statement that Plaintiff was able to reach a resolution with his landlord regarding his rent.

---

    daily living. However, it is apparent that at times the claimant was not regularly attending therapy sessions (Exhibit B-I0F/6, 9).

(R. at 17.)

³ Evidence in the record about receiving child support—cited by the ALJ's Decision at Exhibit B-2F/59—is discussed in Exhibit B-10F/59. Evidence in the record about resolving Plaintiff's "rent situation"—cited by the ALJ's Decision at Exhibit B-2F/65, 68—is referenced in Exhibit B-10F/65, 68.

⁴ In Plaintiff's Objections to the R&R (Doc. No. 25), Plaintiff admits that the purported missing evidence was, in all likelihood, a result of inaccurate citations. Specifically, Plaintiff states, "[l]ooking at pages 59 [Tr. 400], 65 [Tr. 406], and 68 [Tr. 409] of [Exhibit B-10F] shows that the ALJ . . . probably intended to refer to those pages." (Id. at 3.)

Plaintiff is correct that the ALJ's statement that Plaintiff was able to "arrange child support from his ex-wife" is unsupported by the Record. To support the assertion, the ALJ relied upon the following portion of the Record: "[Plaintiff is] stressed out about . . . [his] ex-wife filing to decrease the money she pays for child support." (R. at 400.) The ALJ's statement is unsupported by the cited portion of the Record because Plaintiff's concern about his wife seeking to decrease child support does not support a finding that Plaintiff took successful action to arrange child support.

This isolated unsupported statement, however, does not render the ALJ's Decision unsupported as a matter of law. See McCall v. Colvin, No. CV 13-4770, 2015 WL 9302929, at *8 (E.D. Pa. Dec. 22, 2015) (finding that even if the ALJ committed an isolated mischaracterization of evidence, this one mischaracterization would be insufficient to render the ALJ's decision invalid in the face of other substantial evidence); Casey v. Colvin, No. 3:12-CV-02272, 2014 WL 4258716, at *11 n.14 (M.D. Pa. Aug. 27, 2014) ("[A] single unsupported finding by the ALJ . . . does not undermine the ALJ's otherwise supportable . . . findings." (quoting Quiver v. Colvin, No. CIV-13-41-F, 2014 WL 769159, at *5 (W.D. Okla. Feb. 26, 2014))). There was sufficient additional evidence for the ALJ to conclude that Plaintiff had the residual functional capacity to perform light work with certain limitations. Among other things, the ALJ considered Plaintiff's medical records, psychiatric evaluations, physical evaluations, and the success of his psychotropic medication. (R. at 19.) These findings alone amounted to substantial evidence. Therefore, Plaintiff's first Objection is without merit.

> B. **The Magistrate Judge Properly Concluded that the ALJ Did Not Commit Error in Finding that Plaintiff Had Not Reported that His Mental Health Prevented Him from Caring for His Children or Performing Activities of Daily Living**

Plaintiff argues that the ALJ misrepresented his ability to care for his children and perform activities of daily living. (Doc. No. 25 at 5.) Plaintiff contends that the ALJ incorrectly found that Plaintiff had never reported to his therapists that his mental health problems prevented him from caring for his children or that he was limited in performing basic activities of daily living. (Id. at 5-6.) Both arguments are meritless.

First, Magistrate Judge Wells thoroughly reviewed the ALJ's reasoning and found that the ALJ properly determined that Plaintiff had never reported an inability to care for his children. (Doc. No. 22 at 9.) That finding was correct. Plaintiff expressed issues with childcare but did not state that those issues rendered him unable to care for his children. In fact, Plaintiff admits this fact in his filing.[5] (Doc. No. 25 at 6.)

Second, Magistrate Judge Wells stated that she need not address Plaintiff's assertion of error concerning his reporting of problems related to performing basic activities of daily living because any error that the ALJ may have committed in this regard is harmless. (Doc. No. 22 at 8 n.7.) Plaintiff asserted in his Request for Review that this error was not harmless because it was a large part of the ALJ's basis for rejecting the opinion of Plaintiff's treating psychiatrist, Dr. Renata Angelini. (Doc. No. 18 at 9.) The Magistrate Judge correctly notes, however, that the ALJ's treatment of Dr. Angelini's opinion can be sustained for other reasons, and therefore, any error related to Plaintiff's reporting of difficulties performing activities of daily living is

---

[5] In Plaintiff's Objections to the R&R (Doc No. 25), Plaintiff states that "he did not go so far as to explicitly say that his mental impairments were causing him to be unable to care for his children." (Id. at 6.)

harmless. (Doc. No. 22 at 8 n.7.) The Court agrees, and as will be discussed in Section V(C), infra, the ALJ provided other sufficient justification for rejecting Dr. Angelini's opinion.

Moreover, the ALJ accurately stated that Plaintiff's impairments did not limit his ability to complete basic activities of daily living. (R. at 17.) Plaintiff's argument to the contrary is misguided. (See Doc. No. 25 at 7 (arguing that the ALJ improperly found "that [Plaintiff] had not stated that he had difficulties with other activities of daily living").) The ALJ repeatedly acknowledged Plaintiff's difficulties but determined that despite these impairments, Plaintiff was not limited in his ability to complete basic activities of daily living.[6] Furthermore, the ALJ's finding that Plaintiff's impairments did not limit his ability to complete basic activities of daily living was based on substantial evidence.

As discussed by the ALJ, the Record indicates that Plaintiff was able to care for his children and that his mental health did not prevent him from performing basic activities, including leaving his house, using public transportation, reading, watching television, paying bills, shopping for groceries, and doing other household chores. (R. at 201-04.) As a result, Plaintiff's second objection is without merit.

---

[6] The portion of the ALJ's Decision Plaintiff references states:

> Treatment plans . . . all reflect diagnoses of bipolar disorder, generalized anxiety disorder, and ADHD. The GAFs are assessed at 50. The treatment notes generally reflect that the claimant is experiencing depression and anxiety as a result of being a single parent of three young children (see, e.g., Exhibit B-10F/5, 9, 12, 15, 112) and that he is struggling with financial issues (see, e.g., Exhibit B-10F/83, 85). Despite these difficulties, he . . . has never reported to his psychiatrist or therapist that his mental impairments . . . limit his ability to complete his basic activities of daily living.

(R. at 17.)

### C. The Magistrate Judge Properly Concluded that the ALJ Did Not Err by Giving the Treating Psychologist's Opinion Little Weight

In his third Objection, Plaintiff argues that the opinion of his treating psychiatrist, Dr. Renata Angelini, should not have been afforded little weight. Plaintiff claims this finding was improperly made by the ALJ in his Decision and improperly upheld by Magistrate Judge Wells in the R&R. Plaintiff argues that that the ALJ did not provide sufficient justification for rejecting Dr. Angelini's opinion because he failed to point to evidence in the Record to contradict Dr. Angelini's opinion. (Doc. No. 25 at 9.) Plaintiff further argues that the ALJ's rejection of Dr. Angelini's opinion was improperly upheld in the R&R because the R&R considered findings not relied on by the ALJ, which is not permitted under the Chenery doctrine. See SEC v. Chenery Corp., 318 U.S. 80, 95 (1943) (holding that a court reviewing an agency action may only affirm that action on the grounds articulated by the agency when it made its decision). Plaintiff's arguments are unavailing.

The ALJ provided sufficient justification for rejecting Dr. Angelini's opinion. Generally, an ALJ must give great weight to a claimant's treating physician; however, an ALJ may discredit the treating physician's opinion if contradictory evidence appears in the record. See 20 C.F.R §§ 404.15227(c); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). While a treating psychiatrist relies on his or her own personal records of a plaintiff's impairments, the record before the ALJ contains additional information that creates a more complete and accurate presentation of a plaintiff's impairments. Therefore, the ALJ is not bound by the opinion of any one physician and can reject an opinion if it lacks support or is contradicted by evidence in the record. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

In this case, the ALJ thoroughly examined the medical opinions in the Record. Following his review, the ALJ afforded Dr. Angelini's opinion little weight because, based upon the entirety

of the Record, it was "not consistent with the mental health treatment records . . . [and was] also inconsistent with the claimants own statements." (R. at 19.) Among other things, the ALJ noted that Dr. Angelini's opinions of Plaintiff's limitations were contradicted by his own treatment records. (Id.) For example, Dr. Angelini's records do not indicate that Plaintiff was suffering severe drowsiness as a side effect of medication, as stated in the Mental Functional Capacity Statement. Additionally, Dr. Angelini's treatment records do not support a finding that Plaintiff would be off-task thirty percent or more of a workday and would miss four or more days of work per month. Moreover, as discussed by the ALJ, Plaintiff's ability to care for his children and perform basic activities of daily living also conflicted with Dr. Angelini's opinion. (R. at 19-20.) For these reasons, the ALJ properly afforded Dr. Angelini's opinion little weight.

Plaintiff's argument that Magistrate Judge Wells exceeded the proper scope of review is unpersuasive because it misapplies the Chenery doctrine. The Chenery doctrine "prevents a court from affirming an agency's inadequately justified decision by substituting what it considers to be a more adequate or proper basis for the decision." NLRB v. New Vista Nursing & Rehab., 870 F.3d 113, 133 n.12 (3d Cir. 2017) (quoting Chenery Corp., 332 U.S. at 196). However, while the Chenery doctrine prevents reconsideration of findings of fact, it does not limit an appellate court's review of the ALJ's application of law. See Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (stating that an appellate court reviewing an agency decision has "plenary review of all legal issues"); Watts ex rel. D.W. v. Astrue, Civ. Case No. 12-4116, 2013 WL 2392909, at *4 (E.D. Pa. June 3, 2013) ("Chenery did not create a rule that courts are confined to the legal reasoning the agency used—at least where the courts' review of legal issues is plenary, which is the case in the Social Security context." (emphasis in original)).

Plaintiff's objection misapplies the Chenery doctrine because seeks to apply it to Magistrate Judge Wells's interpretation of a regulation, which is a question of law. Specifically, Plaintiff objects to the R&R's finding that the ALJ had the authority to reject Dr. Angelini's opinion under 20 C.F.R. §§ 404.15(d)(1), 416.927(d)(1), and relevant case law. (Doc. No. 22 at 10-11; Doc. No. 25 at 7-8.) This, however, is not the kind of post hoc reasoning prohibited by the Chenery doctrine. Therefore, Magistrate Judge Wells was free to consider the ALJ's regulatory authority to afford Dr. Angelini's opinion little weight.

Additionally, even if the reasoning employed by the R&R constituted a violation of the Chenery doctrine, which it did not, this Court would still uphold the ALJ's decision to afford Dr. Angelini's opinion little weight. As the District Court that referred this case to Magistrate Judge Wells for an R&R, this Court is not bound by the findings or reasoning employed by her in the R&R. See 28 U.S.C. § 636(b)(1) (stating that a district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge"). Accordingly, even if the R&R exceeded the proper scope of review, this error is harmless because the ALJ's decision to afford Dr. Angelini's opinion little weight can be affirmed based on the reasons set forth in the ALJ's Decision, discussed supra. Thus, Plaintiff's third objection is meritless.

## VI. CONCLUSION

Defendant's objections to the R&R filed by Magistrate Judge Wells are overruled. The Court will adopt the R&R of Magistrate Judge Wells in accordance with this Opinion. An appropriate Order follows.